UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL ASBERRY,

        Plaintiff,        CIV. S-04-2467 LKK PAN

    v.

CITY OF SACRAMENTO,        ORDER

        Defendant.

—o0o—

Plaintiff was employed by the City of Sacramento as a sanitation worker in September 1992. He was terminated in September 1999 but reinstated in March 2000 when the EEOC found defendant had discriminated against plaintiff based upon a disability. Plaintiff then filed a civil action claiming damages for discrimination. December 16, 2004, one or two days before the jury returned a verdict in his favor, defendant again terminated plaintiff, this time because he allegedly had not disclosed on his job application two prior felony convictions.

He sued again, alleging the December 2004 termination was in retaliation for pressing his civil damages claim in court. He alleged the grounds for the second termination were pretextual. In support he alleged his supervisor in the Sanitation Department knew of his criminal record "years prior" and that the Sanitation Department employed "several other employees with felony records." Complaint ¶ 6.

Plaintiff requested defendant produce personnel records of anyone with a criminal conviction who worked for defendant during the past ten years. Defendant declined and plaintiff moved for an order compelling production of the records. At the hearing June 8, 2005, discussion quickly focused upon "three sanitation employees whom plaintiff believes have criminal records." When counsel for defendant referred to "these three employees regarding any past criminal convictions", the court said plaintiff should be permitted "to look at the entire personnel files of anyone with a criminal conviction." Transcript pp. 2-6. The court also ordered, however, that plaintiff could disclose the content of those files to no one except pursuant to further order of the court obtained pursuant to duly noticed motion.

Thereafter, plaintiff moved for an order enforcing the June 8 order and defendant moved for an order clarifying it. Plaintiff construed the order as requiring defendant to produce the personnel records of all City employees convicted of any crime. That was not the court's intention and there has never been any demonstration how such records would be relevant to

2

plaintiff's claims.

Accordingly, plaintiff's request is denied and defendant's request is granted.  Defendant's obligation under the June 8, 2005, order was to produce the personnel records of all Sanitation Department employees with criminal convictions.

So ordered.

Dated:  July 11, 2005.

                                        /s/ Peter A. Nowinski
                                        PETER A. NOWINSKI
                                        Magistrate Judge