UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL ASBERRY,

           Plaintiff,           CIV. S-04-2467 LKK PAN

     v.

CITY OF SACRAMENTO, DOES 1-20         ORDER
inclusive,

           Defendants.

—oOo—

    The Honorable Lawrence K. Karlton has extended the discovery deadline to permit this court's consideration of plaintiff's motion to establish a reasonable expert witness fee.

    The parties have filed a joint stipulation pursuant to E. D. Cal. L. R. 37-251.  As oral argument is unnecessary to resolve this matter, the hearing scheduled for September 21, 2005, is vacated.

    On August 17, 2005, defendant disclosed as one of its

experts Jay M. Finkelman, Ph.D., Interim Systemwide Dean, Professor and Program Director of Alliant International University's California School of Organization Studies.  Dr. Finkleman is an expert on employment practices and policies who charges "a minimum fee of $2000.00 for deposition or courtroom testimony up to 4 hours; $475.00 per hour thereafter." Defendant's August 17, 2005, Disclosure of Expert Witnesses, at pp. 1-2.  Mr. Finkleman's hourly rate to his client for consulting and document review is $325.00.  Id.  For depositions taken outside of Los Angeles, Mr. Finkleman's place of business, he "has a minimum fee of $2900 per day for up to six hours of deposition testimony, $475 per hour thereafter, plus travel time and expenses."  Defendant's August 23, 2005 Letter to plaintiff's counsel, at pp. 1-2.

　　　The parties resolved that plaintiff would depose Dr. Finkleman in San Francisco on Friday, September 23, 2005, at 3:30 p.m., for a period of 60 to 90 minutes, following Mr. Finkleman's attendance at a board of directors meeting at Alliant University's headquarters.  Thus, plaintiff is not required to pay Mr. Finkleman's travel expenses or time devoted thereto. However, Mr. Finkleman insists on a flat fee of $2000 paid prior to commencing his deposition.  Plaintiff contends he should be required to pay Mr. Finkleman no more than $325 per hour of deposition.

　　　Upon a showing of "good cause," Fed. R. Civ. P. 26(c) authorizes a court to protect a party from undue expense in

2

discovery. Expert fees must be "reasonable," as provided by Fed. R. Civ. P. 26(b)(4)(C):

> Unless manifest injustice would result, (I) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision; and (ii) with respect to discovery obtained under subdivision (b)(4)(B) of this rule [includes depositions] the court shall require the party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert.

"What constitutes a 'reasonable fee' for purposes of Rule 26(b)(4)(C) lies within the Court's sound discretion." <u>Edin v. The Paul Revere Life Insurance Company</u>, 188 F.R.D. 543, 545 (D. Ariz. 1999) (noting lack of Ninth Circuit authority and citing 8 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u>, Civil 2d, § 2034 at 469-470 (2d ed. 1994)). "[T]hose cases addressing the issue have set forth seven factors to consider in determining the reasonableness of a fee: (1) the witness's area of expertise; (2) the education and training required to provide the expert insight which is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality, and complexity of the discovery responses provided; (5) the fee actually charged to the party who retained the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to assist the court in balancing the interests implicated by Rule 26." <u>Edin</u>, 188 F.R.D. at 546.

Dr. Finkleman holds a Ph.D. in Industrial/Organizational Psychology and an M.B.A. in Industrial Psychology. He is

3

licensed as an Industrial and Forensic Psychologist and is a Certified Professional Ergonomist.  He is widely experienced and recognized as a professor, academic dean, manager and consultant. He is also a litigation expert–he has been retained over two hundred times, deposed over one hundred times and has testified at thirty trials.

The discovery at issue requires Dr. Finkleman's professional opinion whether defendant's articulated reason for terminating plaintiff–failure to disclose his prior felony convictions–was pretextual in light of plaintiff's successful discrimination suit against defendant.  Dr. Finkleman's opinion will depend upon the facts relevant to plaintiff's tenure with defendant as well the tenure of defendant's other employees with criminal records.  Dr. Finkelman's expertise in ergonomics is not relevant to the issues presented in this case, which are neither technical nor particularly complex.  Rather, Dr. Finkelman is relied upon to assess all the facts of this case and determine what individual and institutional assessments led to plaintiff's second termination.

Plaintiff has submitted the resumes of four individuals whose expertise he asserts is comparable to that of Dr. Finkelman:  (1) Carolyn Langenkamp, a local attorney and forensic expert in employment law, including discrimination and retaliation claims, whose hourly rate is $250; (2) Jan Duffy, an attorney and consultant in employment and management matters, including discrimination and retaliation, who has offices in San

Francisco and London and an extensive record of academic achievements, publications and speaking engagements, whose hourly rate is $400 to $450; (3) Craig Pratt, who holds an M.S.W. in Administration and has been a forensic expert in human resources management in 550 state and federal cases and 50 trials, whose hourly rate is $300; and (4) Brian K. Kleiner, Ph.D., M.B.A., a professor of Human Resource Management at California State University, Fullerton who has provided consulting services to more than 100 organizations and expert testimony in over 40 trials, whose hourly rate is $295.

   The court finds the expertise of these individuals comparable to that of Mr. Finkelman as required by the facts of this case.  Imposition of a flat fee is unreasonable under these circumstances.  "Because a flat rate fee by its nature assumes that the expert will devote an approximately equal amount of time and skill for one event as another, the Court must examine the proposition with respect to the particular case in front of it to see if there is a rational basis for such a fee. . . . Some [depositions] may last an hour, some may last days.  For this reason, a flat rate fee is not normally reasonable."  Massasoit v. Carter, 227 F.R.D. 264, 267 (M.D.N.C. 2005).  Plaintiff has agreed to meet Mr. Finkelman at the end of a business day for no more than two hours.  This limited time frame together with Mr. Finkelman's ability to pursue his normal course of business until mid-afternoon renders a flat fee unreasonable.

////

I conclude the reasonable fee for Mr. Finkelman's deposition is $325 per hour, the rate he charges his client for consulting and document review.

Accordingly, plaintiff's motion is granted.  Prior to commencing Mr. Finkelman's deposition, plaintiff shall pay Mr. Finkelman $325 for the first hour of questioning; should the deposition exceed one hour, plaintiff shall pay Mr. Finkelman at the conclusion of the deposition the proportionate amount due.

So ordered.

Dated:   September 21, 2005.

                              /s/ Peter A. Nowinski
                              PETER A. NOWINSKI
                              Magistrate Judge