UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL ASBERRY,

      Plaintiff,

  v.

CITY OF SACRAMENTO/SANITATION DEPARTMENT,

      Defendant.
_____/

NO. CIV. S-01-2343 LKK/PAN
"Asberry I"

MICHAEL ASBERRY,

      Plaintiff,

  v.

CITY OF SACRAMENTO, et al.,

      Defendants.
_____/

NO. CIV. S-04-2467 LKK/PAN
"Asberry II"

O R D E R

    In Asberry I, No. Civ. S-01-2343, plaintiff has raised objections which bear on the final pretrial order and trial in the above-captioned case. Plaintiff objects to defendant's addition of two witnesses to its witness list in the pretrial order, Lori

1

Swinehart and Patty Velasquez.  Plaintiff contends he is prejudiced by this augmentation because he has not had the opportunity to depose or discover the alleged percipient knowledge of these two witnesses.  On April 28, 2006, the court directed defendant to file a motion to augment the pretrial order and gave plaintiff the opportunity to respond.  I address plaintiff's objections to witnesses based on the parties' papers.

Plaintiff initially objected to the inclusion of Ms. Velasquez on the ground that she was not identified during discovery.  The court has examined the parties' papers and attachments and it is clear that Ms. Velasquez was identified in defendant's Rule 26 disclosure.  Plaintiff concedes in her response brief that defendant did, in fact, list Patty Valasquez in its Rule 26 disclosure in April 2002, but "without any address or telephone number in violation of FRCP 26(a)(1)."  Pl.'s Opp'n at 2.  Plaintiff also explains that she did not depose Patty Velasquez because none of the deposed witnesses testified about any information Ms. Velasquez might possess.  Because plaintiff concedes that Ms. Velasquez was identified by defendant pursuant to Rule 26, and because plaintiff made a decision at that time not to depose this witness, she cannot now object to defendant's inclusion of Ms. Velasquez on the witness list.  Plaintiff's objection as to Patty Velasquez is OVERRULED.

Plaintiff also objects to defendant's inclusion of Lori Swinehart on the witness list, which both parties concede was not listed in the original Pretrial Statement of June 18, 2003.

1  Defendant, however, explains in its motion to augment that Ms.
2  Swinehart was added to the list "in the event that Frances Gould,
3  who was retired from the City, is incompetent to testify about the
4  benefits defendant would have received during his 7 month hiatus."
5  Def.'s Mot. at 2.  Defendant also explains that Ms. Swinehart is
6  a benefits manager and that "because Ms. Telfer did not depose
7  Frances Gould, it is unlikely she would have deposed Ms.
8  Swinehart."  Id.  Having considered the parties' arguments, the
9  court shall amend the witness list to include Lori Swinehart who
10 will testify only if Frances Gould is "incompetent to testify" and
11 only as to the benefits that plaintiff would have received in the
12 "seven month hiatus."  The final pretrial order in Asberry I will
13 reflect this amendment.
14     In both Asberry I & II, the court previously issued an order
15 on April 28, 2006 notifying the parties that the court will take
16 up any objections the partes have raised with regard to exhibits
17 on June 6, 2006 at 10:30 a.m.  That hearing is CONTINUED to 1:30
18 p.m. on the same date.  The parties are notified that the court
19 will also rule on the  motions in limine filed by defendant at that
20 time.
21     IT IS SO ORDERED.
22     DATED: May 16, 2006.

                                    /s/Lawrence K. Karlton
                                    LAWRENCE K. KARLTON
                                    SENIOR JUDGE
                                    UNITED STATES DISTRICT COURT

3