**FILED**

MAY 1 8 2006

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL ASBERRY,

            Plaintiff,

    v.

CITY OF SACRAMENTO,

            Defendant.

_____/

NO. CIV. S-04-2467 LKK/JFM

**PRETRIAL CONFERENCE ORDER**
**[FINAL]**

    Pursuant to court order, a Pretrial Conference was held in Chambers on March 6, 2006. JILL TELFER appeared as counsel for plaintiff; DAVID WOMACK appeared as counsel for defendant. JILL TELFER and DAVID WOMACK are therefore designated as lead trial counsel. On March 30, 2006, the court issued its tentative pretrial order. After consideration of the parties' objections and requests for augmentation, the court makes the following ORDERS:

## I. JURISDICTION/VENUE

    Jurisdiction is predicated upon 28 U.S.C. § 1331 and plaintiff makes a claim under state law. At present, defendant disputes that

1

1  claim.  Defendant shall bring on a motion to dismiss same not later
2  than twenty (20) days from the date of pretrial.  Plaintiff shall
3  respond within ten (10) days thereafter.  Defendant may close
4  within five (5) days thereafter. The matter will be heard on April
5  24, 2006 at 10:00 a.m. in Courtroom No. 4.  Venue is proper.

6                    **II.   JURY/NON-JURY**

7      Plaintiff has timely demanded a jury trial and this matter
8  will be tried to a jury.

9                    **III.   UNDISPUTED FACTS**

10     1.  Plaintiff, Michael Asberry, was hired on September 3,
11 1992, and worked for the City of Sacramento ("City") as a garbage
12 collector.

13     2.  Beginning in February 1996, plaintiff worked as a
14 Sanitation Worker II classification for the City in the Solid Waste
15 Division.

16     3.  Edison Hicks was the superintendent of the Solid Waste
17 Division.

18     4.  Plaintiff suffered from several on-the-job injuries and
19 filed for worker's compensation claims as a result.

20     5.  Plaintiff filed a disability discrimination claim against
21 the City with the Equal Employment Opportunity Commission on or
22 about December 3, 1999.

23     6.  On or about December 21, 2001, plaintiff filed a civil
24 lawsuit alleging discrimination and retaliation.

25     7.  The trial in the lawsuit began on December 4, 2003 and
26 ended on December 17, 2003.

                              2

1    8.   On December 15, 2003, the City provided plaintiff a notice
2 of intent to terminate.

3    9.   On January 23, 2004, the City notified plaintiff that his
4 employment with the City would be terminated effective January 26,
5 2004.

6    10.   Plaintiff was terminated on January 26, 2004.

7              **IV.   DISPUTED FACTUAL ISSUES**

8    1.   Whether or not plaintiff Michael Asberry 's termination
9 was  motivated  by  his  protected  activity  including  his
10 administrative charges of disability discrimination, his civil
11 lawsuit and the jury's verdict on his behalf.

12    2.   Whether or not the apparent success of his trial against
13 defendant motivated its termination of him.

14    3.   Whether  or  not  the  Equal  Employment Opportunity
15 Commission determined that defendant regarded Michael Asberry  as
16 disabled and had discriminated against him as a result.

17    4.      Whether or not on or about March 24, 2000, plaintiff
18 Michael Asberry returned to his position as a Sanitation Worker II
19 for defendant.

20    5.   Whether or not on December 17, 2003, the jury found the
21 defendant discriminated against  Michael Asberry because of his
22 disability and/or perceived disability.

23    6.   Whether or not other employees who failed to list their
24 criminal  records  on  their  application(s)  were  terminated  by
25 defendant.

26 ////

                              3

1      7.    Whether or not Deion Mays, Joel Castenada, Mark Binion,
2   Lee Bajet, Herman Littleton, Olivia Jiminez, and Clyde Marshall
3   were similarly situated to plaintiff.

4      8.    Whether or not the defendant first learned of plaintiff's
5   felony convictions from 1978 and 1979 on or about November 5, 2003.

6      9.    Whether or not defendant, including its supervisors and
7   managers, were appraised of plaintiff's criminal convictions when
8   he applied for promotions.

9      10.   Whether or not the decision to terminate plaintiff came
10  from the City Managers Office and/or the City Attorney's Office.

11     11.   Whether or not plaintiff had a better employment record
12  versus those who were similarly situated to him, including Deion
13  Mays, Mark Binion, Clyde Marshall, Lee Bajet, and Joel Castenada.

14     12.   Whether or not Mark Binion and LeeBajet created more of
15  a security risk to the public and their co-workers, including their
16  propensity for violence,  versus plaintiff.

17     13.   Whether or not Angela Casagranda provided inaccurate
18  information in her declaration submitted to the Court in the case
19  of Asberry v. the City of Sacramento, Case No. CIV S-01-2343 LKK/
20  PAN, dated November 13, 2003.

21     14.   Whether or not the worker's compensation unit was aware
22  of Michael Asberry's criminal record prior to November 5, 2003.

23     15.   Whether or not the Labor Relation's Office was aware of
24  Michael Asberry's criminal record prior to November 5, 2003.

25     16.   Whether or not Mark Binion, Deion Mays, Clyde Marshall,
26  and/or Lee Bajet provided false information during the fact finding

4

1 investigations.

2    17.   Whether or not the City of Sacramento investigated any
3 of the other employees of the defendant mentioned in John Irish's
4 85 page letter.

5    18.   Whether or not the City of Sacramento,  specifically the
6 City Attorney's Office, Labor Relations, and the Solid Waste
7 Manager decided to take no action against Lee Bajet after learning
8 he falsified his employment applications by failing to list his
9 felonies.

10    19.   Whether or not Deion Mays was disciplined for falsifying
11 his application by failing to list his felonies.

12    20.   Whether or not Joel Castaneda informed defendant of his
13 criminal conviction when applying for a promotion.

14    21.   Whether or not Michael Asberry was the first employee of
15 the defendant outside of the Police Department to prevail against
16 the defendant at trial.

17    22.   Whether or not on August 2, 1978, Plaintiff was convicted
18 on four (4) separate counts of felony robbery, as defined by
19 Section 211 of the California Penal Code.   Each count contained a
20 special allegation and finding that Plaintiff used a firearm in the
21 commission of the robbery.

22    23.   Whether or not on August 7, 1979, Plaintiff was charged
23 with first degree murder, as defined by Section 187 of the Penal
24 Code, which also contained a special allegation that Plaintiff used
25 a firearm in the commission of the crime.

26 ////

5

1    24. Whether or not on November 14, 1979, Plaintiff plead
2    guilty to voluntary manslaughter, with an admission that Plaintiff
3    used a firearm in the commission of the crime, in a plea bargain
4    which settled the murder charge.

5    25. Whether or not on September 20, 1991, the City received
6    Plaintiff's application for employment in the Sanitation Department
7    as an Extra Board General Helper.

8    26. Whether or not in response to the question on Plaintiff's
9    1991 employment application which asked "have you ever been
10   convicted by a court of a crime?" - Plaintiff left blank the "Yes"
11   or "No" boxes and wrote in the space provided "NA".

12   27. Whether or not on August 17, 1993, the City received
13   Plaintiff's application for employment in the Sanitation Department
14   as "Sanitation Worker I - Extra Board."

15   28. Whether or not in response to the question on Plaintiff's
16   1993 employment application which asked "have you ever been
17   convicted by a court of a crime?" - the "No" box was checked.

18   29. Whether or not on January 8, 1996, the City received
19   Plaintiff's application for employment in the Sanitation Department
20   as "Sanitation Worker II."

21   30. Whether or not in response to the question on Plaintiff's
22   1996 employment application which asked "have you ever been
23   convicted by a court of a crime?" - Plaintiff checked the "No" box.

24   31. Whether or not on December 15, 2003, the City notified
25   Plaintiff of City's intent to terminate Plaintiff's employment
26   because Plaintiff had felony convictions for robbery and

6

1 | manslaughter which were not disclosed on his employment
2 | applications in 1991, 1993, and 1996.

3 |     32.  Whether or not Plaintiff falsified his employment
4 | application submitted to the City in September 1991.

5 |     33.  Whether or not Plaintiff falsified his employment
6 | application submitted to the City in August 1993.

7 |     34.  Whether or not Plaintiff falsified his employment
8 | application submitted to the City in January 1996.

9 |     35.  Whether or not Plaintiff informed Marion Anderson of his
10 | criminal record prior to August 1993.

11 |     36.  Whether or not Plaintiff informed Joe Graves of his
12 | criminal record prior to August 1993.

13 |     37.  Whether or not Plaintiff informed any management level
14 | employee within the Solid Waste Division of his felony convictions
15 | prior to November 2003.

16 |     38.  Whether or not any management level employee within the
17 | Solid Waste Division was aware of Plaintiff's felony convictions
18 | prior to November 2003.

19 |     39.  Whether or not any management level employee within the
20 | City's Labor Relations Office was aware of Plaintiff's felony
21 | convictions prior to November 2003.

22 |     40.  Whether or not any management level employee within the
23 | City's Workers' Compensation Unit was aware of Plaintiff's felony
24 | convictions prior to November 2003.

25 |     41.  Whether or not any management level employee within the
26 | City Attorney's Office was aware of Plaintiff's felony convictions

1   prior to November 2003.

2      42.   Whether or not Plaintiff was dishonest during his fact
3   finding interview in November 2003.

4      43.   Whether or not Plaintiff's failure to disclose his
5   criminal convictions on his employment applications constituted a
6   violation of a valid work rule.

7      44.   Whether or not Plaintiff's termination was appropriate
8   considering the work rule violated.

9      45.   Whether or not Plaintiff was the subject of disparate
10   treatment in light of the discipline imposed on Mark Binion.

11      46.   Whether or not Plaintiff was the subject of disparate
12   treatment in light of the discipline imposed on Lee Bajet.

13      47.   Whether or not Plaintiff was the subject of disparate
14   treatment in light of the discipline imposed on Deion Mays.

15      48.   Whether or not Plaintiff was the subject of disparate
16   treatment in light of the discipline imposed on Clyde Marshall.

17                **V.   DISPUTED EVIDENTIARY ISSUES**

18      The parties have filed their motions in limine.  The briefing
19   schedule is set forth in a minute order filed March 30, 2006.  The
20   court will take up the motions on the first day of trial.

21      The parties will not be permitted to bring motions in limine
22   relative to any evidentiary issues not listed in the final pretrial
23   order  absent  a  showing that  the  issue  was  not  reasonably
24   foreseeable at the time of the pretrial order.

25                     **VI.   RELIEF SOUGHT**

26      Plaintiff seeks the following:

                                8

1      a.   Compensatory damages, including back pay;

2      b.   Pain and suffering damages; and

3      c.   An award of reasonable attorneys' fees and costs.

4      Defendant seeks the following:

5      a.   Judgment in its favor; and

6      b.   An award of reasonable attorneys' fees and costs.

7                      **VII.   POINTS OF LAW**

8      Trial briefs shall be filed with the court no later than

9 fourteen (14) days prior to the date of trial in accordance with

10 Local Rule 16-285. The parties shall brief the following points

11 of law in their trial briefs:

12      a.   The elements, standards, and burden of proof relative to

13 a claim for retaliation under 42 U.S.C. § 1983 under the facts and

14 circumstances of this case;

15      b.   The elements, standards, and burden of proof relative to

16 a claim for retaliation under the Americans with Disabilities Act

17 under the facts and circumstances of this case.

18      c.   The elements, standards, and burden of proof relative to

19 a claim for retaliation under the Fair Employment and Housing Act

20 under the facts and circumstances of this case, assuming that that

21 cause of action remains subsequent to hearing on the motion to

22 dismiss.

23      ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY

24 ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME IT

25 BECOMES FINAL ARE DISMISSED, AND DEEMED WAIVED.

26 ////

1                       **VIII.   ABANDONED ISSUES**

2     Plaintiff abandoned his claim for disability discrimination

3 on or about November 8, 2005.

4                         **IX.   WITNESSES**

5     Plaintiff anticipates calling the following witnesses:   <u>See</u>

6 Attachment "A."

7     Defendant anticipates calling the following witnesses:   <u>See</u>

8 Attachment "B."

9     Each party may call a witness designated by the other.

10     A.   No other witnesses will be permitted to testify unless:

11         (1)   The party offering the witness demonstrates that the

12 witness is for the purpose of rebutting evidence which could not

13 be reasonably anticipated at the Pretrial Conference, or

14         (2)   The witness was discovered after the Pretrial

15 Conference and the proffering party makes the showing required in

16 "B" below.

17     B.   Upon the post-Pretrial discovery of witnesses, the

18 attorney shall promptly inform the court and opposing parties of

19 the existence of the unlisted witnesses so that the court may

20 consider at trial whether the witnesses shall be permitted to

21 testify.   The evidence will not be permitted unless:

22         (1)   The witnesses could not reasonably have been

23 discovered prior to Pretrial;

24         (2)   The court and opposing counsel were promptly

25 notified upon discovery of the witnesses;

26 ////

1    (3)   If time permitted, counsel proffered the witnesses
2  for deposition;

3    (4)   If time did not permit, a reasonable summary of the
4  witnesses' testimony was provided opposing counsel.

5              **X.   EXHIBITS, SCHEDULES AND SUMMARIES**

6    Pursuant to the court's order dated May 16, 2006, the court
7  will address the parties' objections to exhibits on June 6, 2006
8  at 1:30 p.m.  The final pretrial order will be amended accordingly.

9    The attorney for each party is directed to appear before and
10  present an original and one (1) copy of said exhibit to Ana Rivas,
11  Deputy Courtroom Clerk, not later than 10:30 a.m. on the date set
12  for trial.  All exhibits shall be submitted to the court in
13  binders.   Plaintiff's exhibits shall be listed numerically.
14  Defendant's exhibits shall be listed alphabetically.  The parties
15  shall use the standard exhibit stickers provided by the court:
16  pink for plaintiff and blue for defendant.

17              **XI.   DISCOVERY DOCUMENTS**

18    Plaintiff will utilize the deposition transcripts of Defendant
19  employee witnesses.  Plaintiff will use Defendant's responses to
20  Plaintiff's Request for Admissions, Set 1 and  2, date June 13,
21  2005 and September 23, 2005, respectively, and Defendants responses
22  to Plaintiff's Special Interrogatories, Set 3 and 4 attached.

23    1.   Defendants' Response to Plaintiff's Request for
24  Admissions, Set Two Request for Admission No. 8:

25    There are employees with the City of Sacramento Sanitation
26  Department that have a criminal record who remain employed with the

11

1  City of Sacramento.

2  Response to Request for Admission No. 8:

3      Defendant objects to the request as vague, ambiguous, and over
4  broad insofar as the use of the term criminal record is used. The
5  request is further objected to as duplicative and on the basis that
6  it seeks information invasive of the constitutional, statutory, and
7  common law privacy rights of third parties. Without waiving said
8  objections; Defendant admits this request.

9  Request for Admission No. 5:

10 There are other employees working for the City of Sacramento
11 Sanitation Department that have a criminal record and have not been
12 terminated.

13 Response to Request for Admission No. 5:

14     Defendant objects to the request as vague, ambiguous, and over
15 broad insofar as the use of the term criminal record is used. The
16 request is further objected to on the basis that it seeks
17 information invasive of the constitutional, statutory, and common
18 law privacy rights of third parties. Without waiving said
19 objections, Defendant admits this request.

20 Request for Admission No. 6:

21     There are employees with the City of Sacramento that have a
22 criminal record who remain employed with the City of Sacramento.

23 Response to Request for Admission No. 6:

24     Defendant objects to the request as vague, ambiguous, and over
25 broad insofar as the use of the term criminal record is used. The
26 request is further objected to as grossly over broad, harassing,

12

1  and burdensome insofar as it relates to any employees not employed
2  within the City's Sanitation Department. The request is also
3  objected to on the basis that it seeks information invasive of the
4  constitutional, statutory, and common law privacy rights of third
5  parties. Without waiving said objections, Defendant admits this
6  request.

7  Request for Admission No. 7:

8      The City of Sacramento is aware of employees that have put
9  inaccurate information on their employment application who have not
10 been terminated.

11 Response to Request for Admission No. 7:

12     Defendant objects to the request as vague, ambiguous, and over
13 broad insofar as the use of the term inaccurate information is
14 used. The request is further objected to as grossly over broad,
15 harassing, and burdensome insofar as it relates to any employees
16 not employed within the City's Sanitation Department. The request
17 is also objected to on the basis that it seeks information invasive
18 of the constitutional, statutory, and common law.

19     2. Defendant's Response to Request for Admissions, Set Two-No
20 11:

21     Q:  Defendant objects to the request as vague, ambiguous, and
22 over broad.  Without waiving said objections, denied.

23     A:  Defendant objects to the request as vague, ambiguous, and
24 over broad.  Without waiving said objections, and limiting the
25 request to behavior reported to or observed by Solid Waste Division
26 management, admitted.

13

1      3.   Defendant's Responses to Special Interrogatories, Set
2  Three:

3  Special Interrogatory No. 7:

4      Please identify the names of each and every supervisor that
5  interviewed plaintiff in 1991 for the position of Sanitation
6  Helper?

7  Response to Special Interrogatory No. 7:

8      Defendant objects to this interrogatory for lack of foundation
9  insofar as the question assumes a supervisor interviewed Plaintiff
10  for this position. Without waiving said objection, Defendant is
11  still in the process of determining who, if anyone, interviewed
12  Plaintiff in 1991 for the position of Sanitation Helper. Defendant
13  reserves its right to amend this response upon discovery of new
14  information.

15  Special Interrogatory No. 8:

16      Please identify the names of each and every supervisor that
17  interviewed plaintiff in 1993 for the position of Sanitation Worker
18  1, Extra Board?

19  Response to Special Interrogatory No. 8:

20  Defendant' objects to this interrogatory for lack of foundation
21  insofar as the question assumes a. supervisor interviewed Plaintiff
22  for this position. Without waiving said objection, Defendant is
23  still in the process of determining who, if anyone, interviewed
24  Plaintiff in 1993for the position of Sanitation Worker 1, Extra
25  Board. Defendant reserves its right to amend this response upon
26  discovery of new information.

14

1  Special Interrogatory No. 9:

2      Please identify the names of each and every supervisor that
3  interviewed plaintiff in 1996 for the position of Sanitation Worker
4  I?

5  Response to Special Interrogatory No. 9:

6      Defendant objects to this interrogatory for lack of foundation
7  insofar as the question assumes a supervisor interviewed Plaintiff
8  for this position. Without waiving said objection, Defendant does
9  not believe Plaintiff was interviewed in 1996 for the position of
10 Sanitation Worker I. Defendant reserves its right to amend this
11 response upon discovery of new information privacy rights of third
12 parties. Without waiving said objections, Defendant admits this
13 request.

14     4.   Defendants' Response to Plaintiff's Special
15 Interrogatories, Set Four

16 Special Interrogatory No. 13:

17     Please identify all sources of information regarding how the
18 City of Sacramento learned of Clyde Marshall's criminal
19 convictions.

20 Response to Special Interrogatory No. 13:

21     Defendant objects to this interrogatory on the grounds that
22 the question is vague, ambiguous, and over broad. Without waiving
23 said objections, Defendant responds as follows: Clyde Marshall.
24 Special Interrogatory No. 14:

25     Please provide any and all facts regarding the circumstances
26 as how the sources identified above provided this information to

15

1 defendant including date of communication, forms of communication,
2 and the individuals who received this information from the source.
3 Response to Special Interrogatory No. 14:

4       Defendant objects to this interrogatory on the grounds that
5 the question is compound, vague, ambiguous, and over broad. Without
6 waiving said objections, Defendant responds as follows: Defendant
7 believes that in 2000, Clyde Marshall's son was involved in some
8 type of a police investigation and, as a result, it was discovered
9 that the elder Marshall may have been convicted of a felony which
10 required his compliance with California's criminal offender
11 registration requirements. Defendant believes Marshall informed
12 Defendant of his arrest and, as a result, Defendant discovered
13 Marshall's previously undisclosed felony conviction which pre-dated
14 his date of hire.

15 Special Interrogatory No. 15:

16       Please identify all sources of information regarding how the
17 City of Sacramento learned of Mark Binion's criminal convictions.
18 Response to Special Interrogatory No. 15:

19       Defendant objects to this interrogatory on the grounds that
20 the question is vague, ambiguous, and over broad. Without waiving
21 said objections, Defendant responds as follows: Mark Binion and/or
22 Sacramento County Sheriff Department.

23 Special Interrogatory No. 16:

24       Please provide any and all facts regarding the circumstances
25 as how the sources identified above provided this information to
26 defendant including date of communication, forms of communication,

1  and the individuals who received this information from the source.
2  Response to Special Interrogatory No. 16:

3      Defendant objects to this interrogatory on the grounds that
4  the question is compound, vague, ambiguous, and over broad. Without
5  waiving said objections, Defendant responds as follows: In or
6  around June 1993, Binion is believed to have informed Defendant's
7  then Solid Waste Manager Sara De Lange of his post-hire felony
8  convictions. At or around that time, De Lange is believed to have
9  approved of Binion's participation in a work furlough program
10 related to a conviction in 1993. Later, sometime around July 2002,
11 Defendant's Solid Waste Manager G. Harold Duffey was asked to
12 approve of a work furlough program for Binion - this time in
13 relation to a May 2002 misdemeanor conviction. Defendant is not
14 sure whether it was informed of the 2002 conviction by Binion or
15 by the Sacramento County Sheriff Department, Work Furlough Program.
16 Special Interrogatory No. 17:

17     Please identify all sources of information regarding how the
18 City of Sacramento learned of Lee Bajet's criminal convictions.
19 Response to Special Interrogatory No. 17:

20     Defendant objects to this interrogatory on the grounds that
21 the question is vague, ambiguous, and over broad. Without waiving
22 said objections, Defendant responds as follows: Lee Bajet.
23 Special Interrogatory No. 18:

24     Please provide any and all facts regarding the circumstances
25 as how the sources identified above provided this information to
26 defendant including date of communication, forms of communication,

17

1 | and the individuals who received this information from the source.
2 | Response to Special Interrogatory No. 18:

3 | Defendant objects to this interrogatory on the grounds that
4 | the question is compound, vague, ambiguous, and over broad. Without
5 | waiving said objections, Defendant responds as follows: In or
6 | around April 1993, Bajet is believed to have informed Defendant's
7 | then Solid Waste Manager Sara De Lange of his post-hire felony
8 | conviction. At or around that time, De Lange is believed to have
9 | approved of Bajet's participation in a work furlough program
10 | related to a conviction in 1993. Later, sometime in late 1997 or
11 | early 1998, Defendant apparently was again informed of Bajet's 1993
12 | conviction again during the course of a workers' compensation
13 | action. Defendant is not sure who informed it of Bajet's conviction
14 | in late 1997 or early 1998.

15 | Special Interrogatory No. 19:

16 | Please identify all sources of information regarding how the
17 | City of Sacramento learned of Deion May's criminal convictions.
18 | Response to Special Interrogatory No. 19:

19 | Defendant objects to this interrogatory on the grounds that
20 | the question is vague, ambiguous, and over broad. Without waiving
21 | said objections, Defendant responds as follows: Police Department,
22 | City of Sacramento.

23 | Special Interrogatory No. 20:

24 | Please provide any and all facts regarding the circumstances
25 | as how the sources identified above provided this information to
26 | defendant including date of communication, forms of communication,

18

1  and the individuals who received this information from the source.
2  Response to Special Interrogatory No. 20:

3      Defendant objects to this interrogatory on the grounds that
4  the question is compound, vague, ambiguous, and over broad. Without
5  waiving said objections, Defendant responds as follows: IN or
6  around August 2003, during her review of an internal affairs
7  investigation file in which Deion Mays happened to be a civilian
8  witness, Defendant's Labor Relations Officer Lisa Hutchins
9  discovered Mays received a felony conviction in 1993

10     Defendant does not anticipate the introduction of
11  interrogatory answers or responses to request for admissions in
12  their case-in-chief, except for impeachment or memory refreshment.

13                  **XII.   FURTHER DISCOVERY OR MOTIONS**

14     None.

15                       **XIII.   STIPULATIONS**

16     None, except as noted.

17                  **XIV.   AMENDMENTS/DISMISSALS**

18     None.

19                  **XV.   FURTHER TRIAL PREPARATION**

20     A.   Counsel are directed to Local Rule 16-285 regarding the
21  contents of and the time for filing trial briefs.

22     B.   Counsel are informed that the court has prepared a set
23  of standard jury instructions. In general, they cover all aspects
24  of the trial except those relating to the specific claims of the
25  complaint.   Accordingly, counsel need not prepare instructions
26  concerning matters within the scope of the prepared instructions.

19

1   A copy of the prepared instructions was emailed to the parties
2   concurrently with the tentative Pretrial Order.

3       C.   Counsel are further directed that their specific jury
4   instructions shall be filed fourteen (14) calendar days prior to
5   the date of trial.   As to any instructions counsel desires to
6   offer, they shall be prepared in accordance with Local Rule 51-
7   163(b)(1) which provides:

8       "Two copies of the instructions shall be submitted. One
        copy shall be electronically filed as a .pdf document
9       and shall contain each instruction on a separate page,
        numbered and identified as to the party presenting it.
10      Each instruction shall cite the decision, statute,
        ordinance, regulation or other authority supporting the
11      proposition stated in the instruction."

12      The second copy ("jury copy") shall be submitted by e-mail to
13   lkkorders@caed.uscourts.gov.

14      **In addition, counsel shall provide copies of proposed forms**
15   **of verdict, including special verdict forms, at the time the**
16   **proposed jury instructions are filed with the court.**

17      D.   It is the duty of counsel to ensure that any deposition
18   which is to be used at trial has been filed with the Clerk of the
19   Court.  Counsel are cautioned that a failure to discharge this duty
20   may result in the court precluding use of the deposition or
21   imposition of such other sanctions as the court deems appropriate.

22      E.   The parties are ordered to file with the court and
23   exchange between themselves not later than one (1) week before the
24   trial a statement designating portions of depositions intended to
25   be offered or read into evidence (except for portions to be used
26   only for impeachment or rebuttal).

20

1    F.   The parties are ordered to file with the court and
2 exchange between themselves not later than one (1) week before
3 trial the portions of answers to interrogatories which the
4 respective parties intend to offer or read into evidence at the
5 trial (except portions to be used only for impeachment or
6 rebuttal).

7    G.   The court has extensive audiovisual equipment available.
8 Any counsel contemplating its use shall contact the court's
9 Telecommunications Manager, Andre Carrier, at (916) 930-4223, at
10 least two weeks in advance of trial to receive the appropriate
11 training.

12                    **XVI.   SETTLEMENT NEGOTIATIONS**

13    A Settlement Conference was held before the Honorable Frank
14 C. Damrell, Jr.

15                       **XVII.   AGREED STATEMENTS**

16    None.

17                     **XVIII.   SEPARATE TRIAL OF ISSUES**

18    Except for the bifurcation heretofore ordered, none.

19        **XIX.   IMPARTIAL EXPERTS/LIMITATION OF EXPERTS**

20    None.

21                       **XX.   ATTORNEYS' FEES**

22    The matter of the award of attorneys' fees to prevailing
23 parties pursuant to statute will be handled by motion in accordance
24 with Local Rule 54-293.

25                       **XXI.   MISCELLANEOUS**

26    None.

21

1                **XXII.   ESTIMATE OF TRIAL TIME/TRIAL DATE**

2      Trial by jury is **SET** for June 13, 2006, at 10:30 a.m., in

3 Courtroom No. 4.   The parties represent in good faith that the

4 trial will take approximately five (5) days.

5      Counsel are to call Ana Rivas, Courtroom Deputy, at (916) 930-

6 4133, one week prior to trial to ascertain status of trial date.

7             **XXIII.   MODIFICATIONS TO PRETRIAL ORDER**

8      The parties are reminded that pursuant to Federal Rule of

9 Civil Procedure 16(e), this order shall control the subsequent

10 course of this action and shall be modified only to prevent

11 manifest injustice.

12      IT IS SO ORDERED.

13      DATED:  May 17, 2006.

14                                /s/Lawrence K. Karlton
                                    LAWRENCE K. KARLTON

15                                     SENIOR JUDGE
                                    UNITED STATES DISTRICT COURT

16

17

18

19

20

21

22

23

24

25

26

22

Case 2:04-cv-02467-LKK-PAN   Document 95   Filed 05/19/06   Page 23 of 41

Case 2:04-cv-02467-LKK-PAN   Document 91   Filed 03/30/2006   Page 27 of 45
Case 2:04-cv-02467-LKK-PAN   Document 85   Filed 02/20/2006   Page 17 of 20

1    JILL P. TELFER (State Bar No. 145450)
     LAW OFFICES OF JILL P. TELFER
2    A Professional Corporation
     331 J. Street, Suite 200
3    Sacramento, California 95814
     Telephone:    (916) 446-1916
4    Facsimile:    (916) 446-1726
     email: JJltelfer@yahoo.com
5

6    Attorneys for Plaintiff
     MICHAEL ASBERRY
7

8

9                     UNITED STATES DISTRICT COURT

10                   EASTERN DISTRICT OF CALIFORNIA

11

12   MICHAEL ASBERRY,                    )   Case No. S-04-2467 LKK/PAN
                                         )
13        Plaintiffs,                    )   PLAINTIFF'S WITNESS LIST
                                         )
14   v.                                  )
                                         )   Date:       June 6, 2006
15   CITY OF SACRAMENTO/SANITATION       )   Time:       8:30 a.m.
     DEPARTMENT,                         )   Courtroom:  4
16                                       )   Judge:      The Honorable Lawrence
          Defendants.                    )               K. Karlton, Chief Judge
17   _____)

18

19        Plaintiff intends to offer the following witnesses at the trial in the above entitled matter:

20        1.   Candy Ayers, 921 10th Street, Sacramento, CA 95814, (916) 433-4950

21        2.   Lee Bajet- retired, address unknown at current timePia Basudev, Local #39, 1620 N.

22             Market Blvd., Sacramento, CA 95834, (916) 928-0399Mark Binion, 921 10th Street,

23             Sacramento, CA 95814, (916) 433-4950

24        3.   Angela Casagranda, c/o David S. Womack, Deputy City Attorney, City of

25             Sacramento, 980 Ninth St., Tenth Flr., Sacramento, CA 95814-2736

26        4.   Joel Castaneda, c/o David S. Womack, Deputy City Attorney, City of Sacramento,

27             980 Ninth St., Tenth Flr., Sacramento, CA 95814-2736

28        5.   Joseph Cirillo, c/o David S. Womack, Deputy City Attorney, City of Sacramento, 980

     Plaintiff's Witness List

                              ATTACHMENT "A"

Case 2:04-cv-02467-LKK-PAN   Document 95   Filed 05/19/06   Page 24 of 41

Case 2:04-cv-02467-LKK-PAN    Document 91    Filed 03/30/2006    Page 28 of 45
Case 2:04-cv-02467-LKK-PAN    Document 85    Filed 02/20/2006    Page 18 of 20

1      Ninth St., Tenth Flr., Sacramento, CA 95814-2736

2   6,   Dee Contreras, c/o David S. Womack, Deputy City Attorney, City of Sacramento, 980

3        Ninth St., Tenth Flr., Sacramento, CA 95814-2736

4   7.   Steve Crouch, Local #39, 1620 N. Market Blvd., Sacramento, CA 95834

5   8,   Harold Duffy, c/o David S. Womack, Deputy City Attorney, City of Sacramento, 980

6        Ninth St., Tenth Flr., Sacramento, CA 95814-2736

7   9,   Shawn Hadnot, c/o David S. Womack, Deputy City Attorney, City of Sacramento,

8        980 Ninth St., Tenth Flr., Sacramento, CA 95814-2736

9   10.   Edison Hicks, 921 10ᵗʰ Street, Sacramento, CA 95814

10   11.   Lisa Hutchins, c/o David S. Womack, Deputy City Attorney, City of Sacramento, 980

11        Ninth St., Tenth Flr., Sacramento, CA 95814-2736

12   12.   Steve Itagaki, c/o David S. Womack, Deputy City Attorney, City of Sacramento, 980

13        Ninth St., Tenth Flr., Sacramento, CA 95814-2736

14   13.   Samuel L. Jackson, c/o David S. Womack, Deputy City Attorney, City of Sacramento,

15        980 Ninth St., Tenth Flr., Sacramento, CA 95814-2736

16   14.   Rudy Juarez, 2812 Meadowview Road, Sacramento, CA 95832Deion Mays, 10ᵗʰ

17        Street, Sacramento, CA 95814

18   15.   Cheryl Rutty, 921 10ᵗʰ Street, Sacramento, CA 95814

19   16.   Reina Schwartz, 730 "T" St., Sacramento,, CA 95814

20   17,   Kathy Widing, Local #39, 1620 N. Market Blvd., Sacramento, CA 95834 (916) 928-

21        0399

22   21.   Ken Nishmoto
          c/o David S. Womack, Deputy City Attorney
23        City of Sacramento
          915 "I" St., Rm. 4010
24        Sacramento, CA 95814-2604
25                          "II

     22.   Jackie Sanders,
26         c/o David S. Womack, Deputy City Attorney
          City of Sacramento
27        915 "I" St., Rm. 4010
          Sacramento, CA 95814-2604
28

Plaintiff's Witness List              -2-

1

2

3

4

5

6

23. Olivia Jimenez,
c/o David S. Womack, Deputy City Attorney
City of Sacramento
915 "I" St., Rm. 4010
Sacramento, CA 95814-2604

24. Edna Young,
c/o David S. Womack, Deputy City Attorney
City of Sacramento
915 "I" St., Rm. 4010
Sacramento, CA 95814-2604

7

25. Elizabeth Trimm, 136 Estes Way, Sacramento, CA 95838

8

9

10

26. Rebecca Asberry,
c/o Jill P. Telfer
331 J Street, Suite 200
Sacramento, CA 95814

11

27. Rodigo Gatdula, 921 10th Street, Sacramento, CA 95814

12

28. Sara M. De Lange , 3609 Mission Ave., Suite B, Carmichael, CA 95608, (916) 973-8721.

13

29. Cesar Bursia, 921 10th Street, Sacramento, CA 95814 .

14

15

16

30. Lupe Monarch
c/o David S. Womack, Deputy City Attorney
City of Sacramento
915 "I" St., Rm. 4010
Sacramento, CA 95814-2604

17

18

19

31. Clyde Marshall
3330 Maple Street
Sacramento, CA 95838
916.923.6532

20

21

32. Ms. Collins
c/o Law Offices of Jill P. Telfer
331 "J" St., Ste. 200
Sacramento, CA 95814

22

23

24

33. Chaplan Dan Thompson
c/o Law Offices of Jill P. Telfer
331 "J" St., Ste. 200
Sacramento, CA 95814

25

26

34. Pastor Itaskar Hollins
c/o Law Offices of Jill P. Telfer
331 "J" St., Ste. 200
Sacramento, CA 95814

27

28

35. Elmer Steps
c/o Law Offices of Jill P. Telfer
331 "J" St., Ste. 200

Plaintiff's Witness List                    -3-

1       Sacramento, CA 95814

2    36.   Doray Dunn
           All Of Us or None
3       1540 Market Street, #490
           S.F, CA 94102
4       (415)-255-7036

5    36.   Linda Evans
           All Of Us or None
6       1540 Market Street, #490
           S.F, CA 94102
7       (415)-255-7036

8    37.   Michael E. Alpert

9       Little Hoover Commission
       925 L Street, Suite 805, Sacramento, California 95814
10     (916) 445-2125 or (916) 322-7709

11   Plaintiff reserves the right to call any witness on defendant's list of witnesses.

12

13

14  DATED: February 20, 2006           LAW OFFICES OF JILL P. TELFER
                               A Professional Corporation
15

16

17                             JILL P. TELFER
                             Attorney for Plaintiff
18                             MICHAEL ASBERRY

19

20

21

22

23

24

25

26

27

28

Plaintiff's Witness List          -4-

Case 2:04-cv-02467-LKK-PAN   Document 95   Filed 05/19/06   Page 27 of 41

Case 2:04-cv-02467-LKK-PAN     Document 91     Filed 03/30/2006     Page 31 of 45
Case 2:04-cv-02467-LKK-PAN     Document 88-2     Filed 02/27/2006     Page 1 of 10

## DEFENDANT'S LIST OF PROPOSED TRIAL WITNESSES

1.  Asberry, Michael, 7198 Snowy Birch Way, Sacramento, California 95823

2.  Asberry, Rebecca, 7198 Snowy Birch Way, Sacramento, California 95823

3.  Ayers, Candy, City of Sacramento, Solid Waste Division, 2812 Meadowview Road, Sacramento, California 95832

4.  Barnes, Richard, Ueltzen & Company, LLP, 3600 American River, Ste 150, Sacramento, California 95864

5.  Binion, Mark, City of Sacramento, Solid Waste Division, 2812 Meadowview Road, Sacramento, California 95832

6.  Brasswell, Otto, 6328 Leaf Avenue, Sacramento, CA 95831

7.  Brownlee, Harold, Jr., City of Sacramento, Solid Waste Division, 2812 Meadowview Road, Sacramento, California 95832

8.  Burrell, Delbert, City of Sacramento, Solid Waste Division, 2812 Meadowview Road, Sacramento, California 95832

9.  Castenada, Joel, City of Sacramento, Solid Waste Division, 2812 Meadowview Road, Sacramento, California 95832

10. Chedester, Jeff, c/o Sac Bee, 2100 Q Street, Sacramento, California, 95816

11. Contreras, Dee, City of Sacramento, Labor Relations Office, 915 I Street, Sacramento, California 95814

12. Duffey, Harold, City of Sacramento, Solid Waste Division, 2812 Meadowview Road, Sacramento, California 95832

13. Finkelman, Jay, Alliant International University, 1000 S, Fremont Ave, Unit 5, Alhambra, California 91803

14. Fleming, Kenneth, City of Sacramento, Administration Office, 915 I Street, Sacramento, California 95814

15. Hednot, Shawn, City of Sacramento, Labor Relations Office, 915 I Street, Sacramento, California 95814

16. Hicks, Edison, City of Sacramento, Solid Waste Division, 2812 Meadowview Road, Sacramento, California 95832

17. Hutchin, Lisa, City of Sacramento, Labor Relations Office, 915 I Street, Sacramento, California 95814

18. Jouzapaitis, Elisabeth, c/o Sac Bee, 2100 Q Street, Sacramento, California, 95816

19. Khan, Dean, City of Sacramento, Solid Waste Division, 2812 Meadowview Road, Sacramento, California 95832

20. Mays, Delon, City of Sacramento, Solid Waste Division, 2812 Meadowview Road,

1

EXHIBIT                     ATTACHMENT "B"

Pretrial - Proposed List of Witness

1    Sacramento, California 95832

2  21.  Nibbelink, Gary, Gary Nibbelink Assoc., P.O. Box 162138, Sacramento, California
    95816
3

4  22.  Ruggles, Adam, c/o Matthew Ruggles, Esq., Littler Mendelson, 2520 Venture Oaks
    Way, Suite 390, Sacramento, CA 95833-3294

5  23.  Sanders, Jackie, 2129 New Hampshire, Sacramento, California 95835

6  24.  Velasquez, Patty, City of Sacramento, Solid Waste Division, 2812 Meadowview
    Road, Sacramento, California 95832
7

8  25.  Woods, Steven, George Hills Company, 3017 Gold Canal Dr., Ste 400, Rancho
    Cordova, California 95670

9  26.  Young, Edna, City of Sacramento, Worker's Compensation Unit, 915 I Street,
    Sacramento, California 95814
10

11  DATED: __6/27__, 2006      EILEEN TEICHERT, City Attorney

12

13

               DAVID S. WOMACK
14              Deputy City Attorney

15              Attorneys for Defendant,
              CITY OF SACRAMENTO
16

17

18

19

20

21

22

23

24

25

26

27

28

                              2

**EXHIBIT A – DEFENDANT'S LIST OF PROPOSED TRIAL WITNESSES**

Pretrial - Proposed List of Witnesses.wpd

Case 2:04-cv-02467-LKK-PAN   Document 95   Filed 05/19/06   Page 29 of 41

Case 2:04-cv-02467-LKK-PAN   Document 91   Filed 03/30/2006   Page 33 of 45
Case 2:04-cv-02467-LKK-PAN   Document 85   Filed 02/20/2006   Page 12 of 20

1   JILL P. TELFER (State Bar No. 145450)
    LAW OFFICES OF JILL P. TELFER
2   A Professional Corporation
    331 J. Street, Suite 200
3   Sacramento, California 95814
    Telephone:   (916) 446-1916
4   Facsimile:   (916) 446-1726
    email: jilltelfer@yahoo.com
5

6   Attorneys for Plaintiff
    MICHAEL ASBERRY
7

8

9                  UNITED STATES DISTRICT COURT

10                 EASTERN DISTRICT OF CALIFORNIA

11

12  MICHAEL ASBERRY,                )   Case No.  S-04-2467 LKK/PAN
                                    )
13          Plaintiff,              )   PLAINTIFF'S EXHIBIT LIST
                                    )
14     v.                           )
                                    )   Date:        June 6, 2006
15  CITY OF SACRAMENTO, et al.      )   Time:        8:30 a.m.
                                    )   Courtroom:   4
16          Defendants.             )   Judge: The Honorable Lawrence K.
                                    )   Karlton, Chief Judge
17  _____)

18

19      Plaintiff intends to offer the following evidence at the trial in the above entitled matter:

20      **EXHIBIT LIST:**

21      1.    Plaintiff's Equal Employment Complaint of discrimination dated December 3, 1999.

22      2.    Determination by the EEOC the City of Sacramento discriminated against Michael

23            Asberry

24      3.    *Asberry v. City of Sacramento* Complaint for Damages, U.S.D.C., Eastern District of

25            California, Case No. 01-2343

26      4.    Jury Verdict of December 17, 2003, including the transcript of the hearing reading the

27            verdict.

28      5.    November 13, 2003 Memo to plaintiff placing him on Administrative Leave

Plaintiff's Exhibit List

ATTACHMENT "C"

1   6.   December 15, 2003, Notice of Intent to be Terminate to Michael Asberry.

2   7.   January 23, 2004, letter of termination to Michael Asberry.

3   8.   Performance Evaluations for Michael Asberry from date of hire until August 1996.

4   9.   Annual Performance Evaluation for Michael Asberry from August 1996 to August

5   1997

6   10.   Performance Evaluation for Michael Asberry from August 1997 to August 1998

7   11.   Annual Performance Evaluation for Michael Asberry from August 1998 to August

8   1999

9   12.   Annual Performance Evaluation for Michael Asberry from August 1999 to August

10   2000.

11   13.   Annual Performance Evaluation for Michael Asberry from August 2001 to August

12   2002.

13   14.   Annual Performance Evaluation for Michael Asberry from 2002 to 2003

14   15.   Personnel Action Change Forms for Michael Asberry during his employment with the

15   City of Sacramento, including salary information

16   16.   Hiring Clearance documents for Asberry.

17   17.   Discipline Detail for Michael Asberry

18   18.   Wage information from subsequent employment for Michael Asberry

19   19.   November 21, 2003 notes of interview of Michael Asberry

20   20.   Declaration of Angela Casagranda dated November 13, 2003.

21   21.   August 2, 2004 letter from Angela Casagrande to Daniel Boone

22   22.   Letter of August 26, 2004 from Sean Hadnot

23   23.   Notice of Asberry's Filing's of his Worker's Compensation Claims

24   24.   February 9, 1998 letter to file from Jackie Sanders to Lee Bajet's file

25   25.   Letters of John Irish

26   26.   Exhibit "26" to the deposition of Joel Castanada, questions to ask during Skelly

27   Hearing/Investigation

28   27.   Job Applications of Mark Binion

Plaintiff's Exhibit List                                   -2-

| | | |
|---|---|---|
| 1 | 28. | Conviction Records of Mark Binion |
| 2 | 29. | Letters of discipline for Mark Binion, including after the criminal conviction for |
| 3 | | assaulting a citizen with a baseball bat while employed with the defendant. |
| 4 | 30. | October 28, 1999 letter from the City of Sacramento to Mark Binion |
| 5 | 31 | June 25, 2002 letter to Mark Binion from Edison Hicks |
| 6 | 32. | July 25, 2003 letter to Mark Binion from Edison Hicks |
| 7 | 33. | Fact Finding Investigations and documentation for Mark Binion from 2002-2003 |
| 8 | 34. | August 4, 2003 letter to Mark Binion from Edison Hicks |
| 9 | 35. | September 24, 2003 letter to Mark Binion |
| 10 | 36. | Discipline log of Mark Binion |
| 11 | 37. | Performance evaluations for Mark Binion |
| 12 | 38. | Job Applications of Lee Bajet |
| 13 | 39. | Conviction Records for Lee Bajet |
| 14 | 40. | Discipline log of Lee Bajet |
| 15 | 41. | Letters of discipline for Lee Bajet |
| 16 | 42. | January 25, 2002 letter to Lee Bajet from Edison Hicks |
| 17 | 40. | April 9, 2002 letter from Lee Bajet to Edison Hicks |
| 18 | 41. | October 16, 2002 settlement agreement regarding discipline of Lee Bajet including |
| 19 | | the October 4, 2004 letter to Lisa Hutchins |
| 20 | 42. | Investigation file of Lee Bajet for stalking, including the letters of complaint by |
| 21 | | citizens of the defendant. |
| 22 | 43. | Performance evaluations of Lee Bajet |
| 23 | 44. | April 5, 1993 letter from Sara M. De Lange to the Sheriff's Work Furlough re: Lee |
| 24 | | Bajet. |
| 25 | 45. | Job application of Deion Mays |
| 26 | 46. | Conviction records of Deion Mays |
| 27 | 47. | November 29, 2001 letter from Deion Mays to Edison Hicks |
| 28 | 48. | Discipline log for Deion Mays |

Case 2:04-cv-02467-LKK-PAN   Document 95   Filed 05/19/06   Page 32 of 41

Case 2:04-cv-02467-LKK-PAN   Document 91   Filed 03/30/2006   Page 36 of 45
Case 2:04-cv-02467-LKK-PAN   Document 85   Filed 02/20/2006   Page 15 of 20

49. Letters of discipline for Deion Mays
50. September 26, 2003 letter from Lisa Hutchins to Steve Crouch regarding settlement agreement of Deion Mays
51. Performance Reviews for Deion Mays
51. Employment Applications of Joel Castanada
52. March 3, 2000 Application of Joel Castanada
53. Conviction Records for Joel Castanda
54. Documented counseling and disciplinary actions taken against Joel Castanada
Applications for Clyde Marshall
55. Discipline log for Clyde Marshall
56. Worker's Compensation Records for Clyde Marshall
57. FAR identifying Marshall went from an LOA to an unpaid leave of absence.
58. LOA Parr for Clyde Marshall from January 22, 2001 to May 5, 2001.
59. Performance Evaluations for Clyde Marshall
60. Disciplinary documentation of Clyde Marshall
61. Application filed for service pending disability retirement for Clyde Marshall
62. AR Change Form for Clyde Marshall identifying he has retired as of December 12, 12, 2002
63. Employment Application of the City of Sacramento from Herman Littleton
64. Employment Application of the City of Sacramento from Olivia Jimenez
65. Documented counseling and disciplinary actions taken against Olivia Jimenez
66. The Little Hoover Commission Report-2003, *Back to the Community: Safe and Sound Parole Policies*
67. CDC statistics regarding the No. Of ex-prisoners in California unemployed.
68. Defendants' Response to Plaintiff's Request for Admissions, Set One.
69. Defendants' Response to Plaintiff's Request for Admissions, Set Two.
70. Defendants' Response to Plaintiff's Special Interrogatories, Set Three
71. Defendants' Response to Plaintiff's Special Interrogatories, Set Four

1    72.    Plaintiff's medical bills.

2    73.    Employment Application of Terrance Davis.

3    (May request the Court for judicial notice of these statistics rather than producing the documentation.)

4         Plaintiff reserves the right to supplement this list.

5    DATED: February 20, 2006                    LAW OFFICES OF JILL P. TELFER
6                                                A Professional Corporation

7

8                                                JILL P. TELFER
                                                 Attorney for Plaintiff
9                                                MICHAEL ASBERRY

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1          **DEFENDANT'S LIST OF PROPOSED TRIAL EXHIBITS**

2   Exhibit A    Defendant's Motion to Augment Exhibit List and Add Additional Defenses,

3                filed on November 13, 2003, in *Asberry v. City of Sacramento, et al.*, U.S.

4                District Court Eastern District of California, Case No. CIV S-01-2343.

5   Exhibit B    Fresno County Superior Court records re: *People v. Asberry*, criminal case

6                number 34171/230383-2; including: Complaint dated May 18, 1978; Order

7                dated May 31, 1978; Judgment & Sentence dated August 31, 1978.

8   Exhibit C    Fresno County Superior Court records re: *People v. Asberry*, criminal case

9                number 33954/229916-2; including: Complaint dated May 4, 1978; Order

10               dated May 17, 1978; Judgment & Sentence dated August 31, 1978.

11  Exhibit D    Fresno County Superior Court records re: *People v. Asberry*, criminal case

12               number 41388/249740-2; including: Complaint dated August 7, 1979; Order

13               dated November 14, 1979; Abstract of Judgment dated May 5, 1982.

14  Exhibit E    Fresno County Superior Court records re: *People v. Asberry*, criminal case

15               number 41388/249740-2; Reporter's Transcript of Felony Change of Plea on

16               November 14, 1979.

17  Exhibit F    Fresno County Superior Court records re: *People v. Asberry*, criminal case

18               number 41388/249740-2; Reporter's Transcript of R.P.O. and Judgment on

19               December 21, 1979 and January 8, 1980.

20  Exhibit G    City of Sacramento Employment Application, submitted by Asberry on

21               September 20, 1991.

22  Exhibit H    City of Sacramento Employment Application, submitted by Asberry on August

23               17, 1993.

24  Exhibit I    City of Sacramento Employment Application, submitted by Asberry on

25               January 8, 1996.

26  Exhibit J    City of Sacramento Administrative Policy Instructions, re: Discipline

27               Procedures and Review Standards, effective date July 15, 2002.

28  Exhibit K    Discipline Case Detail and Event Log re: Asberry's proposed termination

EXHIBIT          *ATTACHMENT "D"*

Pretrial - Proposed List of Exhibits.w..

Case 2:04-cv-02467-LKK-PAN   Document 95   Filed 05/19/06   Page 35 of 41

Case 2:04-cv-02467-LKK-PAN     Document 91     Filed 03/30/2006     Page 39 of 45
Case 2:04-cv-02467-LKK-PAN     Document 88-2     Filed 02/27/2006     Page 4 of 10

| | | |
|---|---|---|
| 1 | | following City's discovery that Mr. Asberry was not truthful in his employment |
| 2 | | applications. |
| 3 | Exhibit L | Rule 12 of the Rules and Regulations of the Civil Service Board. |
| 4 | Exhibit M | Memorandum to Asberry from Edison Hicks, Superintendent, dated |
| 5 | | November 13, 2003, re: placement of Asberry on Administrative Leave. |
| 6 | Exhibit N | Transcript of interview of Asberry on November 21, 2003. |
| 7 | Exhibit O | Letter of Intent to Terminate to Asberry, dated December 15, 2003. |
| 8 | Exhibit P | Letter of Termination to Asberry, dated January 23, 2004. |
| 9 | Exhibit Q | Handwritten statement by Asberry, dated December 23, 2003, re: suspected |
| 10 | | motives for retaliation. |
| 11 | Exhibit R | Memorandum to Harold Duffey, Division Manager, from Kenneth Fleming, |
| 12 | | Equal Opportunity Manager, dated January 22, 2004, re: Asberry's EEOC |
| 13 | | discrimination claim. |
| 14 | Exhibit S | Memorandum to Fleming from Duffey, dated January 30, 2004, re: Asberry's |
| 15 | | EEOC discrimination claim. |
| 16 | Exhibit T | Letter to Edna Young from Steven Woods, dated April 25, 2000, re: public |
| 17 | | record check on Asberry. |
| 18 | Exhibit U | Asberry's claims for workers' compensation benefits, dated 02/17/93; |
| 19 | | 02/14/94; 07/04/94; 02/24/95; 04/07/95; 09/10/96; 02/10/97; 04/24/00; |
| 20 | | 05/15/01; and 02/19/02. |
| 21 | Exhibit V | Asberry's Performance Appraisal Report from 09/02/92 to 11/27/92. |
| 22 | Exhibit W | Asberry's Performance Appraisal Report from 09/02/92 to 03/12/93. |
| 23 | Exhibit X | Asberry's Performance Appraisal Report from 10/02/93 to 01/07/94. |
| 24 | Exhibit Y | Asberry's Performance Appraisal Report from 10/02/93 to 04/01/94. |
| 25 | Exhibit Z | Asberry's Performance Appraisal Report from 02/17/96 to 08/17/96. |
| 26 | Exhibit 2A | Asberry's Performance Appraisal Report from 08/15/96 to 08/16/97. |
| 27 | Exhibit 2B | Asberry's Performance Appraisal Report from 08/16/97 to 08/15/98. |
| 28 | Exhibit 2C | Asberry's Performance Appraisal Report from 08/15/98 to 08/14/99. |

2

Case 2:04-cv-02467-LKK-PAN   Document 95   Filed 05/19/06   Page 36 of 41

Case 2:04-cv-02467-LKK-PAN   Document 91   Filed 03/30/2006   Page 40 of 45
Case 2:04-cv-02467-LKK-PAN   Document 86-2   Filed 02/27/2006   Page 5 of 10

| 1 | Exhibit 2D | Asberry's Performance Appraisal Report from 08/14/99 to 08/12/00. |
|---|---|---|
| 2 | Exhibit 2E | Asberry's Performance Appraisal Report from 08/12/01 to 08/12/02. |
| 3 | Exhibit 2F | Asberry's Performance Appraisal Report from 08/12/02 to 08/12/03. |
| 4 | Exhibit 2G | Asberry's Late Slips dated 04/28/00; 09/20/00; and 11/15/00. |
| 5 6 | Exhibit 2H | Memorandum to Asberry from Dean Khan, dated 08/20/01, re: excessive use of sick leave. |
| 7 8 | Exhibit 2I | Memorandum to Asberry from Hicks, dated 01/15/02, re: work schedule, and Lunch Notice dated 01/14/02. |
| 9 10 11 | Exhibit 2J | Inter-office Memo from Dean Khan to Solid Waste Superintendent, dated 09/13/01, re: incident involving Asberry and Khan requiring documented counseling. |
| 12 | Exhibit 2K | Asberry's Medstar Application dated 08/25/04 |
| 13 14 | Exhibit 2L | Asberry's Medstar employment agreement and procedures dated 08/31/04 and handwritten note dated 09/28/04. |
| 15 | Exhibit 2M | Asberry's Resume and Sac Bee Application dated 09/09/04. |
| 16 | Exhibit 2N | Sac Bee memorandum, dated 10/15/04, re salary adjustments. |
| 17 | Exhibit 2O | Sac Bee incident report, dated 12/07/04, re Asberry behavior problems. |
| 18 19 | Exhibit 2P | Sac Bee email and incident report, dated 01/11/05, re Asberry behavior problems. |
| 20 | Exhibit 2Q | Asberry's handwritten notes re Sac Bee incident on 01/11/05. |
| 21 | Exhibit 2R | Sac Bee incident report, dated 06/15/05, re Asberry behavior problems. |
| 22 | Exhibit 2S | Sac Bee letter of reprimand dated 06/15/05. |
| 23 | Exhibit 2T | Sac Bee Termination form dated 06/17/04. |
| 24 | Exhibit 2U | Sac Bee employee earnings report, dated 08/25/05. |
| 25 | Exhibit 2V | Fresno Bee, 08/06/79, page B2, "Fresnan, 23 dies during argument." |
| 26 27 | Exhibit 2W | Fresno Bee, 08/07/79, page B3, "6 persons held after weekend rash of slayings" (2 parts). |
| 28 | Exhibit 2X | Fresno Bee, 08/08/79, page B3, obituary of Lonie Ray Thomas. |

3

Case 2:04-cv-02467-LKK-PAN   Document 95   Filed 05/19/06   Page 37 of 41

Case 2:04-cv-02467-LKK-PAN   Document 91   Filed 03/30/2006   Page 41 of 45
Case 2:04-cv-02467-LKK-PAN   Document 88-2   Filed 02/27/2006   Page 6 of 10

| 1 | Exhibit 2Y | California Penal Code § 1192.7(c) |
|---|---|---|
| 2 | Exhibit 2Z | California Penal Code § 192(a) |
| 3 | Exhibit 3A | Letter to Civil Service Board from Steve Crouch, Bus. Rep. Local 39, dated |
| 4 | | 01/26/04, re: Appeal of Termination of Asberry. |
| 5 | Exhibit 3B | Letter to Steve Crouch from Geri Hamby, Civil Service Board Secretary, |
| 6 | | dated 02/03/04, re: Appeal of Asberry. |
| 7 | Exhibit 3C | Letter to Kenneth Silbert, Esq. from Matthew J. Gauger, Esq., dated |
| 8 | | 12/14/04, re: withdrawal of appeal of Asberry's termination. |
| 9 | Exhibit 3D | Declaration of Asberry, dated 08/23/04, re: bankruptcy. |
| 10 | Exhibit 3E | Email from Candy Ayers to Fran Gould, dated 05/30/01, re: Asberry's PAR. |
| 11 | Exhibit 3F | Personnel Action Requests (PAR) for Asberry, dated 01/23/04; 03/28/00; |
| 12 | | 02/01/00; 02/23/96; 09/30/93; 08/24/92. |
| 13 | Exhibit 3G | Letter to Gary Van Dorst, acting Solid Waste Manager, from Pia Basudev, |
| 14 | | dated 02/22/00, with Reasonable Accommodation Request Form, dated |
| 15 | | 02/22/00. |
| 16 | Exhibit 3H | City of Sacramento code §106, Vacancies in Certain Cases |
| 17 | Exhibit 3I | City of Sacramento code §109, Employes Defined |
| 18 | Exhibit 3J | Certificate of Death of Marion Anderson |
| 19 | Exhibit 3K | Certificate of Death of Joe J. Graves |
| 20 | Exhibit 3L | Deposition of Michael Asberry Volume I, dated October 30, 2002, Case |
| 21 | | Number 01-2343 LKK JFM, Asberry v. City of Sacramento, et al. |
| 22 | Exhibit 3M | Deposition of Michael Asberry Volume II, dated November 14, 2002, Case |
| 23 | | Number 01-2343 LKK JFM, Asberry v. City of Sacramento, et al. |
| 24 | Exhibit 3N | Time line and summary of events |
| 25 | Exhibit 3O | Expert report of Jay M. Finkelman Ph.D., Industrial/Forensic Psychologist |
| 26 | Exhibit 3P | Summary of qualifications and publications of Jay M. Finkelman Ph.D. |
| 27 | Exhibit 3Q | Expert Report of Gary Nibbelink, Rehabilitation Counselor & Consultant |
| 28 | Exhibit 3R | Summary of qualifications of Gary Nibbelink |

4

Case 2:04-cv-02467-LKK-PAN   Document 95   Filed 05/19/06   Page 38 of 41

Case 2:04-cv-02467-LKK-PAN   Document 91   Filed 03/30/2006   Page 42 of 45
Case 2:04-cv-02467-LKK-PAN   Document 88-2   Filed 02/27/2006   Page 7 of 10

| | | |
|---|---|---|
| 1 | Exhibit 3S | Expert Report of Richard Barnes, CPA |
| 2 | Exhibit 3T | Expert Report of Richard Barnes, CPA, Exhibit A |
| 3 | Exhibit 3U | Expert Report of Richard Barnes, CPA, Exhibit B (updated to date of trial) |
| 4 | Exhibit 3V | Expert Report of Richard Barnes, CPA, Exhibit C |
| 5 | Exhibit 3W | Expert Report of Richard Barnes, CPA, Exhibit D |
| 6 | Exhibit 3X | Expert Report of Richard Barnes, CPA, Exhibit E |
| 7 | Exhibit 3Y | Civil Complaint, U.S.D.C. Eastern District Case No. 01-2343, Asberry v. City |
| 8 | | of Sacramento, et al. |
| 9 | Exhibit 3Z | Civil Complaint, U.S.D.C. Eastern District Case No. 04-2467, Asberry v. City |
| 10 | | of Sacramento, et al. |
| 11 | Exhibit 4A | Discipline Case Detail and Event Log re: Delon L. Mays, falsification of |
| 12 | | employment application by failing to list conviction. |
| 13 | Exhibit 4B | Delon Mays' employment application, dated 09/16/98 |
| 14 | Exhibit 4C | Delon Mays' employment application, dated 09/27/99 |
| 15 | Exhibit 4D | Memorandum to Delon Mays from Edison E. Hicks, dated 08/21/03, re: Mays' |
| 16 | | placement on administrative leave. |
| 17 | Exhibit 4E | Handwritten notes of Steve Crouch, dated 08/21/03, re: fact finding interview |
| 18 | | of Delon Mays |
| 19 | Exhibit 4F | Facsimile transmission from Solid Waste to Lisa, dated 08/27/03, re: Delon |
| 20 | | Mays |
| 21 | Exhibit 4G | Facsimile transmission from Solid Waste to Lisa, dated 08/29/03, re: Delon |
| 22 | | Mays |
| 23 | Exhibit 4H | Letter from Lisa Hutchin to Steve Crouch, dated 09/29/03, re: settlement |
| 24 | | Agreement with Delon Mays |
| 25 | Exhibit 4I | Memo to file from Jackie Sanders, dated 02/09/98 re: Lee Bajet felony |
| 26 | | conviction |
| 27 | Exhibit 4J | Lee Bajet's employment application, dated 08/31/92 |
| 28 | Exhibit 4K | Lee Bajet's employment application, dated 01/12/96 |

5

Case 2:04-cv-02467-LKK-PAN   Document 95   Filed 05/19/06   Page 39 of 41

Case 2:04-cv-02467-LKK-PAN   Document 91   Filed 03/30/2006   Page 43 of 45
Case 2:04-cv-02467-LKK-PAN   Document 88-2   Filed 02/27/2006   Page 8 of 10

| | | |
|---|---|---|
| 1 | Exhibit 4L | Letter to Sheriff's Work Furlough/home Detention Program from Sara De |
| 2 | | Lange, dated 04/05/93, re: work furlough for Lee Bajet |
| 3 | Exhibit 4M | Handwritten notes, dated 01/13/98, re: Lee Bajet's criminal conviction |
| 4 | Exhibit 4N | Transcript of fact finding interview, dated 01/16/98, re: Lee Bajet |
| 5 | Exhibit 4O | Handwritten notes, dated 01/16/98, re: Lee Bajet's criminal conviction |
| 6 | Exhibit 4P | Discipline Case Detail and Event Log re: Mark Binion, 20 day suspension for |
| 7 | | undisclosed conviction and misdemeanor conviction. |
| 8 | Exhibit 4Q | Sheriff's Dept. Home Detention Program form re: Mark Binion |
| 9 | Exhibit 4R | Sacramento Superior Court records re: People v. Mark Binion, Case No. |
| 10 | | 02F04515, filed 05/21/02 |
| 11 | Exhibit 4S | Sacramento Superior Court records re: People v. Mark Binion, Case No. |
| 12 | | 93F00368, filed 01/13/93 |
| 13 | Exhibit 4T | Binion's employment application, dated 07/21/94 |
| 14 | Exhibit 4U | Binion's employment application, dated 05/05/95 |
| 15 | Exhibit 4V | Binion's employment application, dated 10/03/95 |
| 16 | Exhibit 4W | Memorandum from Edison Hicks to Binion, dated 08/28/02, re: Binion's |
| 17 | | placement on administrative leave |
| 18 | Exhibit 4X | Summary of discipline imposed on Binion prior to 10/19/01 |
| 19 | Exhibit 4Y | Letter from Sara De Lange to Sacramento County Sheriff Department, Work |
| 20 | | Furlough Program, dated 06/03/93, re: Binion's work furlough |
| 21 | Exhibit 4Z | Transcript of fact finding interview of Binion, dated 09/17/02, re: criminal |
| 22 | | conviction |
| 23 | Exhibit 5A | Transcript of fact finding interview of Binion, dated 09/25/02, re: criminal |
| 24 | | conviction |
| 25 | Exhibit 5B | Letter of intent to suspend Binion for 20 days, dated 06/04/03 |
| 26 | Exhibit 5C | Handwritten notes, dated 09/10/03, re: Binion, Skelly meeting |
| 27 | Exhibit 5D | Letter of 20 day suspension to Binion, dated 09/24/03 |
| 28 | Exhibit 5E | Letter from Pia Basudev to Civil Service Board, dated 09/25/03, re: appeal of |

EXHIBIT B – DEFENDANT'S LIST OF PROPOSED TRIAL EXHIBITS

Pretrial - Proposed List of Exhibits.wpd

Case 2:04-cv-02467-LKK-PAN   Document 95   Filed 05/19/06   Page 40 of 41

Case 2:04-cv-02467-LKK-PAN   Document 91   Filed 03/30/2006   Page 44 of 45
Case 2:04-cv-02467-LKK-PAN   Document 88-2   Filed 02/27/2006   Page 9 of 10

| 1 | | Binion's 20 day suspension |
| 2 | Exhibit 5F | Arbitration Opinion and Award, dated 08/12/04, re: Binion's appeal of his 20 |
| 3 | | day suspension |
| 4 | Exhibit 5G | Memorandum from Edison Hicks to Clyde Marshall, dated 08/31/00, re: |
| 5 | | placement of Marshall on administrative leave |
| 6 | Exhibit 5H | Sacramento County Superior Court records re: *People v. Clyde Marshall*, |
| 7 | | criminal case number 00F07183, filed 09/01/00 |
| 8 | Exhibit 5I | Summary of discipline imposed on Marshall, dated 08/31/00 |
| 9 | Exhibit 5J | Marshall's employment application, dated 01/04/85 |
| 10 | Exhibit 5K | Marshall's employment application, dated 01/08/86 |
| 11 | Exhibit 5L | Marshall's employment application, dated 09/23/86 |
| 12 | Exhibit 5M | Marshall's employment application, dated 04/17/87 |
| 13 | Exhibit 5N | Marshall's employment application, dated 09/12/89 |
| 14 | Exhibit 5O | Letter of intent to terminate Marshall, dated 12/12/00 |
| 15 | Exhibit 5P | Facsimile from Pia Basudev to Jacquelyn Sanders, dated 01/04/01, re: |
| 16 | | postponement of Marshall's Skelly meeting |
| 17 | Exhibit 5Q | Marshall's request for leave of absence, dated 01/22/01, with physician's |
| 18 | | verification and PAR attachments |
| 19 | Exhibit 5R | Letter to Marshall from Cheryl Rutty, dated 06/12/01, re: notice of delay in |
| 20 | | determining liability for Workers' Compensation benefits |
| 21 | Exhibit 5S | Letters to Marshall from Cheryl Rutty, re: denial of claims for workers' |
| 22 | | compensation benefits, each dated 08/29/01 |
| 23 | Exhibit 5T | Email from Jacquelyn Sanders to Candy Ayers, dated 02/20/02, re: Marshall |
| 24 | | and final termination letter |
| 25 | Exhibit 5U | Letter to Marshall from Edison Hicks, dated 10/22/02, re: Skelly meeting on |
| 26 | | proposed termination |
| 27 | Exhibit 5V | Skelly meeting minutes, dated 11/08/02, re: Marshall termination |
| 28 | Exhibit 5W | Marshall's work calendars for years 2000 through 2002 |

7

EXHIBIT 5 – DEFENDANT'S LIST OF PROPOSED TRIAL EXHIBITS

Pretrial - Proposed List of Exhibits.wpd

1  | Exhibit 5X | Memorandum from Lori Swinehart to Public Works Dept., dated 12/05/02, re:
2  | | Marshall retirement
3  | Exhibit 5Y | Fax cover sheet from Asberry dated 09/12/00; fax cover sheet dated
4  | | 10/23/00; handwritten note dated 10/23/00; EEOC invitation to settlement
5  | | discussion dated 03/07/01; fax cover sheet dated 05/14/01
6  | Exhibit 5Z | Payroll information re: Asberry

7

8  DATED: __2/27__, 2006          EILEEN TEICHERT, City Attorney

9

10

11                               DAVID S. WOMACK
                                 Deputy City Attorney

12                               Attorneys for Defendant,
13                               CITY OF SACRAMENTO

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                     8

EXHIBIT B – DEFENDANT'S LIST OF PROPOSED TRIAL EXHIBITS

Pretrial - Proposed List of Exhibits.wpd